# EXHIBIT "C"

FILED
DALLAS COUNTY
1/15/2016 4:44:08 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-16-00538

| | | |
|---|---|---|
| SCARIA MICHAEL, and wife<br>THRESIAKUTTY MICHAEL<br>    Plaintiffs, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | G-134TH JUDICIAL DISTRICT |
| ASI LLOYDS<br>    Defendant. | §<br>§ | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Scaria Michael and wife Thresiakutty, file this Plaintiffs' Original Petition and Request for Disclosure complaining of Defendant, ASI Lloyds, and would respectfully show unto the Court and Jury the following:

### I. DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level Three of Tex. R. Civ. P. 190.

### II. PARTIES

2. Plaintiffs are residents of Dallas County, Texas.

3. ASI Lloyds ("ASI") is a licensed insurance company authorized to engage in the business of insurance in the State of Texas and may be served through its registered agent, Mr. Rodney D. Bucker, 700 N. Pearl Street, 25th Floor, Dallas Texas 75201-2825.

### III. REQUEST FOR DISCLOSURE

4. Pursuant to Texas Rule of Civil Procedure 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

### IV. JURISDICTION AND VENUE

PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 1 OF 9.

5. The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. The Court has venue over Defendant because all or a substantial part of the events giving rise to the claim took place in Dallas County.

## V. BACKGROUND FACTS

6. Plaintiffs' home located at 1702 Dakota Dr., Garland, Texas 75043 sustained structural and cosmetic damages caused by plumbing leaks. Plaintiffs purchased homeowners' insurance policies from ASI for many years. All premium payments required to be paid for the policies were paid and the policies were in full force and effect without lapse during the applicable policy periods. The policies insured Plaintiffs' home against foundation damage resulting from plumbing leaks.

7. Plaintiffs discovered cosmetic distress appearing on their home. Thereafter, they reported their claim to ASI in compliance with the policy. ASI opened a claim and assigned claim number 252926 to this loss. Kevin Johnson ("Johnson") was assigned by ASI to process the claim. To investigate this loss, Johnson hired Herndon/McFarland, Inc. to perform plumbing tests at the home. The testing performed by Herndon/McFarland revealed a water loss from the sanitary sewer system. The system would not fill to test, indicating significant leakage from the system. Isolation testing revealed leaks from the hall bathroom water closet and tub vent elbow, master bathroom tub vent elbow, shower vent elbow, water coset vent elbow and the kitchen sink elbow.

8. Thereafter, Johnson hired Assurance Engineering, Inc. ("Assurance") to issue a report concerning the cause of damage to Plaintiffs' home. Despite significant distress to the home and plumbing leakage occurring prior to its investigation, Assurance concluded that the leaks were not the cause of any damage to Plaintiffs' home. It is Plaintiffs' contention that Assurance incorrectly

concluded that the damage to their home resulted from differential movement due to natural causes and lack of adequate drainage of roof and surface water. ASI relied on Assurance's inaccurate conclusions and wrongfully denied Plaintiffs' claim for damage to their home.

### VI. CLAIMS AGAINST DEFENDANT

#### A. Breach of Contract

9. Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above. Plaintiffs would show that the insurance policy purchased from Defendant was in full force and effect at the time of the discovery of the sanitary sewer leaks and structural damage. Among the perils that the policy insures against is the accidental discharge, leakage, or overflow of water from within a plumbing system and resulting foundation movement and distress to the home. The policy provides that if such a loss occurs, then Defendant will pay the insured the cost of repair or replacement of the damage with like kind and quality, including any tear out and replacement necessary to repair the plumbing system. Plaintiffs would show that they reported their claim to Defendant as soon as practicable in accordance with the terms of the policy and Defendant accepted and acknowledged the claim in writing. Defendant processed the claim, but has refused and failed to pay the claim in accordance with its obligations pursuant to the contract of insurance, and by failing has breached the contract.

#### B. Common Law Causes of Action

10. Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant breached the common law duty of good faith and fair dealing by delaying and denying Plaintiffs' claim without any reasonable basis

and by failing to conduct a reasonable investigation with respect to the insurance claim. Defendant also breached its duty by unreasonably delaying payment of Plaintiffs' claim and by failing to settle Plaintiffs' entire claim when Defendant knew or should have known that it was reasonably clear that the claim was covered.

### C. DTPA Cause of Action

11. Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant.

12. By its acts, omissions, failures and conduct that are described in this petition, Defendant violated Sections 17.46 of the DTPA. Defendant violated the DTPA in the following respects:

   a. Defendant represented to Plaintiffs that their homeowners' insurance policies and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

   b. Defendant represented to Plaintiffs that their homeowners' insurance policies and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

   c. Defendant represented to Plaintiffs that their homeowners' insurance policies and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) if the DTPA;

   d. Defendant represented that it would pay to repair the damages caused by water damage and/or by plumbing leaks and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

   e. Defendant engaged in an unconscionable action in that it took advantage of Plaintiffs' lack of knowledge, ability and experience in insurance matters to a grossly

unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and,

f. Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

13. All of the above-described acts, omissions and failures of Defendant were relied upon by Plaintiffs to their detriment and were a producing cause of Plaintiffs' damages. Plaintiffs seek damages for such conduct as described in this petition.

### D. Cause of Action for Unfair Insurance Practices

14. Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action against Defendant.

15. By its acts, omissions, failures and conduct, Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim and its failure to pay for the proper repair of Plaintiffs' home after liability had become reasonably clear. Specifically, Defendant is guilty of the following unfair insurance practices:

a. Defendant engaged in false, misleading and deceptive acts or practices in the business of insurance in this case;

b. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

 c. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

 d. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

 e. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder; and,

 f. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

16. All of the above-described acts, omissions and failures of Defendant were relied upon by Plaintiffs to their detriment and were a producing and proximate cause of Plaintiffs' damages. Plaintiffs seek damages for such conduct as described in this petition.

### E. Violation of Prompt Payment of Claims Act

17. Plaintiffs would show that Defendant violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiffs' claim and by failing to pay Plaintiffs' claim. Likewise, Defendant's failure to pay Plaintiffs' claim constitutes an automatic violation of Section 542.058 which provides:

> *"Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060."*

18. Defendant's wrongful rejection of the claim necessarily means it failed to pay within 60 days automatically violating Section 542.058. Accordingly, Plaintiffs are entitled to the relief set forth in Section 542.060 of the act, including attorney's fees.

## VII. WAIVER AND ESTOPPEL

19. Defendant has waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII. CONDITIONS PRECEDENT

20. All conditions precedent necessary to maintain this action have been performed, have occurred, or could not be timely accomplished prior to filing of suit. This suit was filed within two years of discovery of the acts complained of herein.

## IX. DAMAGES

21. The above described acts, omissions, failures and conduct of Defendant caused Plaintiffs' damages which include, without limitation, the cost to properly and fully repair their home. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on the claim against Defendant as damages under the Prompt Payment of Claims Act. By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiffs seek damages in an amount greater than $100,000.00 but no more than $200,000.00, as of the filing of this petition.

## X. ADDITIONAL DAMAGES

22. Defendant "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of such

conduct, Plaintiffs are entitled to additional damages as authorized by the Texas Insurance Code and DTPA, including mental anguish.

## XI. ATTORNEY'S FEES

23. As a result of the above described wrongful acts by Defendant, Plaintiffs have engaged the services of the below-signed attorney. Plaintiffs seek attorney's fees for the prosecution of this suit pursuant to Sec. 17.50(d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice and Remedies Code.

## XII. JURY DEMAND

24. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs respectfully request that this case be tried before a jury.

25. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon final jury trial, Plaintiffs be awarded damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorney's fees for the trial and any subsequent appeal of this case, pre-judgment and post-judgment interest at the highest rate permitted by law, damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, damages for mental anguish, and for such other and further relief, both at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICES OF ROBERT N. GRISHAM II

/s/ Robert N. Grisham II
Robert N. Grisham II
State Bar Number: 00792550
5910 N. Central Expressway - Suite 925
Dallas, Texas 75206
Telephone: (214) 987-0098
Facsimile: (214) 987-4098
Email: robert@grishamlaw.com

**ATTORNEY FOR PLAINTIFFS**